Scott, J.
At the time of the execution of the convey.anees, which Mrs. Lewis, the plaintiff below, sought to have set aside as fraudulent and void as to creditors, she was not a creditor of the grantor, Thomas Evans. True, she had a valid cause of action against him, at that time, ■but one sounding in tort, and which was not asserted even by bringing suit thereon, till a month or more thereafter. The existence of such a cause of action clearly does not -establish the legal relation of debtor and creditor between the wrongdoer and the party injured.
When she subsequently brought her action, and recovered judgment, she became a creditor of Evans, the grantor, but in seeking to invalidate his previous conveyances she can •only assert the rights of a subsequent creditor.
It is well settled, that a voluntary conveyance of land, duly made and recorded, will not be held void as to. future -creditors, on the mere ground that the grantor, or donor, *15 ■subsequently became insolvent. Such conveyance will be •set aside at the suit of a subsequent creditor, only on proof that it was made with the intent, on the part of the grantor, thereby to defraud such subsequent creditor or creditors. Creed v. Lancaster Bank, 1 Ohio St. 1.
It does not appear in this case, that there are any creditors of the grantor, wdiose interests can be affected by the ■conveyance in question, except Mrs. Lewis, the plaintiff' below. All other creditors appear to have taken mortgages on the lots in controversy, to secure their claims; and as these mortgages were executed by Mrs. Evans, as well as her husband, they would be equally available, whether the conveyances in question were to be held valid or void. At least, the conveyances were not to the prejudice of such creditors.
The right of Mrs. Lewis, as a subsequent creditor, to have the conveyances set aside, depended on the question, whether ■or not they were made by Thomas Evans, with the intent at the time thereby to defraud her, as such future and prospective creditor? She had alleged this fraudulent intent in her petition, and it had been denied by the answers of both Evans and his wife. This was indeed the only material issue of faet made by the pleadings.- The plaintiff' had offered evidence tending to maintain this issue on her part. There can be no doubt that the defendants had a right, by competent •evidence, to maintain this sole issue on their part. They had denied by answer the fraudulent intent charged, and had averred the conveyances were made in pursuance of an arrangement made between the defendants, and a promise made by the husband to the wife, almost a year before that time. That .this agreement and promise were founded on considerations wholly unconnected with Mrs. Lewis’ cause of action, and were in fact made months before the tort for which she recovered her judgment had accrued. To support these .averments, they called a witness, who testified that “ he heard Evans promise his wife, at his residence, a year before Lewis’ death, to convey this property to her.” This ■evidence was on plaintiff's motion excluded.
*16 To a majority of the court, it seems impossible to justify this exclusion. The promise testified to, tended (with what degree of weight we need not say) to account for the making of the conveyance, and to show a state of facts from which a presumption, more or less strou'g, might well arise, that it was made for an honest purpose, having no reference-to Mrs. Lewis, or her cause of action.
The duty to perform such a promise would, it is true, be-one of imperfect obligation, yet it might well influence the conduct of an honest man. That such a duty rested upon the defendant, Thomas Evans, at the time of making-the conveyance, we think the defendants had a right to show. This was one of the circumstances under-which the conveyance was made, and by the light of which the intention of the actors in that transaction must he ascertained.
Eor error in excluding this evidence, the judgment of the district court must be reversed.
Day, C. J., and Johnson, J., dissented.